

**January 29, 2020**

Nancy V. Wright, Esq.
(212) 915-5845 (direct)
nancy.wright@wilsonelser.com

**VIA ECF**

United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Attn:   The Honorable Vernon S. Broderick
         United States District Judge

Re:     *Charlton v. Dos Toros LLC, et al.,*
         Docket No.:   19-cv-05958 (VSB)
         Initial Case Management Joint Letter

Dear Judge Broderick:

Counsel for defendants Dos Toros LLC, Dos Toros Grand Central LLC, Dos Toros Holdings, LLC, 636 Lexington Tacos LLC, Aleta Maxwell and Oliver Kremer (the "Dos Toros defendants"), defendant Hilary Street ("Street"), and plaintiff Austin Charlton (collectively, the "Parties") in the above-referenced matter write pursuant to Your Honor's Order and Notice of Initial Conference dated December 16, 2020.

**1.  A brief description of the nature of the action and the principal defenses thereto**.

Plaintiff's Statement:

Plaintiff complaints pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et Seq. ("Title VII"), 42 U.S.C. §1981 ("1981"), as well as New York State Executive Law and New York City Administrative Code seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by his employers, *inter alia*, on the basis of his race, color, and national origin, together with being subjected to a hostile work environment, retaliation and unlawful termination.

Defendants' hired Plaintiff on or about May 27, 2017, as the General Manager for their Manhattan restaurant. In or around September 2017, STREET informed Plaintiff that when he reviews new hires, he should grade black individuals "on a curve" because of their lack of customer service skills. STREET then indicated Plaintiff grew up in a ghetto because he was not white and told Plaintiff that she knows his "background" because she knew "a few people like you that grew up in rough neighborhoods." Plaintiff objected to these discriminatory comments. In or around December 2017, STREET commented to Plaintiff regarding one of his Mexican employees that "guys like him work really hard, but don't expect him to be very intellectual." Plaintiff complained to MAXWELL at human resources regarding STREET's discriminatory comments and conduct.

In or around December 2017, STREET began a campaign of retaliation against Plaintiff for his complaint of discrimination. STREET falsely accused Plaintiff of not following the scheduling template. After following STREET's revised template and posting the schedule, STREET told Plaintiff it was incorrect and chastised him for not following the original unrevised template. In or around December 2017, TOTILLO visited Plaintiff's restaurant and commented that it was clean, organized, and profitable. TOTILLO explained that Plaintiff had been unjustly criticized in meetings since his complaint of discrimination and warned Plaintiff that "something felt fishy" and Defendants were "trying to set [him] up." In or around January 2018, Defendants discriminated against and terminated Plaintiff because of his race, color, and national origin, and because he complained and opposed the unlawful conduct of Defendants related to the above protected classes.

Dos Toros' Defendants' Statement:

Dos Toros is a popular, fast-casual restaurant with multiple locations in New York City, known for its Northern California-inspired menu of burritos, tacos and Tex-Mex. Dos Toros has a demonstrable commitment to diversity and community activism, partnering with various nonprofits and organizations to feed those in need, support the higher education goals of low income and disadvantaged youth, and empower individuals to avoid recidivism in the criminal justice system.

Dos Toros provides EEO training to its employees and maintains well published employee policies proscribing discrimination, harassment, and retaliation and setting forth a complaint mechanism.  Plaintiff never utilized any of these policies and/or complaint mechanism to file a discrimination complaint during his tenure.  His only non-discrimination complaint against defendant Street was immediately investigated and properly resolved.

Plaintiff's discrimination and retaliation claims against the Dos Toros defendants are undermined by, *inter alia*, Dos Toros' legitimate business reason for plaintiff's termination including plaintiff's documented poor performance as a general manager.  The Dos Toros defendants categorically deny all of plaintiff's allegations of discrimination, retaliation and wrongful conduct.

Defendant Hilary Street's Statement:

Defendant Street denies liability for all of Plaintiff's claims. First, Plaintiff will not be able to establish his *prima facie* case of discrimination on the basis race, color, and national origin and is unable to offer any evidence to show that the legitimate, non-discriminatory reasons for his termination were pretextual. Second, Plaintiff's hostile work environment claims fail because he was not treated less well than other employees because of his race, color or national origin and the allegations in the Complaint amount to nothing more than petty slights or inconveniences. Third, Plaintiff's retaliation claims fail because he will not be able to establish his *prima facie* case of retaliation on the basis race, color, and national origin and is again unable to offer any evidence to demonstrate that the legitimate, non-discriminatory reasons for his termination were pretextual.

    **2. A brief explanation of why jurisdiction and venue lie in this Court.**

Plaintiff's Response:

This Court has jurisdiction based on 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and 1981. The Court also has jurisdiction pursuant to 29 U.S.C. § 2617; 28 U.S.C. §§ 1331, 1343, and pendent jurisdiction thereto. Plaintiff filed a complaint with the Equal Employment Opportunity Commission on June 13, 2018. Plaintiff received a Notice of Right to Sue letter, dated March 27, 2019. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

Dos Toros Defendants' Response:

The Dos Toros defendants confirm that plaintiff purports to invoke the jurisdiction and venue of this Court, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

Defendant Hilary Street's Response:

Defendant Street acknowledges that Plaintiff purports to set forth the basis for this Court's jurisdiction and venue and respectfully refers all matters of law to the Court and matters of fact to the trier of fact.

3. **A brief description of all contemplated and/or outstanding motions.**

Plaintiff's Response:

Plaintiff does not contemplate making any motions at this time.

Dos Toros defendant's Response:

The Dos Toros defendants do not anticipate any motion practice at this time and reserve all rights to file a dispositive motion seeking dismissal of Plaintiff's claims at the end of discovery.

Defendant Hilary Street's Response:

Defendant Street does not anticipate any motion practice at this time but reserves all rights to file a dispositive motion seeking dismissal of Plaintiff's claims at the close of discovery.

4. **A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations.**

The Parties will engage in a mediation session via the Court's Mediation Program, scheduled for Thursday April 2, 2020. The Parties' initial disclosures pursuant to Rule 26 may assist the Parties to engage in meaningful settlement negotiations.

10498000v.2

5. **A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement.**

The Parties have engaged in preliminary settlement discussions, and plaintiff has conveyed a settlement demand. The Parties are hopeful that the mediation session scheduled for Thursday April 2, 2020 will assist them to fully assess the probability of early resolution to this litigation.

6. **The estimated length of trial.**

The parties have conferred and their present best estimate of the length of trial is five (5) days.

7. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

Should the Parties continue to litigate the matter subsequent to the mediation session scheduled for Thursday April 2, 2020, the Parties are currently interested in a referral to a Magistrate Judge for continued settlement discussions at the close of discovery and before necessary and costly trial preparations commence.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

| WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP | GORDON REES SCULLY MANSUKHANI | DEREK SMITH LAW GROUP |
|---|---|---|
| *Nancy V. Wright* | *Francis Giambalvo* | *Ishan Dave* |
| Nancy V. Wright<br>Josef K. Mensah<br>*Attorneys for Dos Toros Defendants* | Francis Giambalvo<br>Alex D. Dumas<br>*Attorneys for Defendant Hilary Street* | Ishan Dave<br><br>*Attorneys for Plaintiff* |

10498000v.2